COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


ROSCOE L. SIMPSON

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0871-04-1                           PER CURIAM
                                                      JANUARY 11, 2005
CAROL P. SIMPSON


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                             Louis R. Lerner, Judge

           (Roscoe L. Simpson, *pro se*, on brief).

           (Paul H. Wilson; Wilson & Wilson, P.C., on brief), for appellee.


        Roscoe L. Simpson (husband) appeals from the circuit court's April 6, 2004 order awarding

Carol P. Simpson (wife) attorney's fees and barring husband from presenting evidence on matters

previously addressed by the court.  On appeal, husband raises four issues concerning his pension

and the distribution of property.  He also asserts the legal fees awarded to wife were excessive.

Wife requests attorney's fees and costs incurred in connection with this appeal.  Upon reviewing the

record and briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

        In Simpson v. Simpson, Record No. 0924-03-1 (Va. Ct. App. Nov. 25, 2003), we

addressed husband's appeal of the trial court's denial of his "Motion for Relief and to Suspend

Court Orders."  Finding the court did not err in denying husband's motion because the matters

raised in the motion had been previously adjudicated, we remanded the case to the trial court

only to determine an appropriate attorney's fee award to wife for expenses incurred by her in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

connection with that appeal. In its April 6, 2004 order, the trial court awarded wife attorney's fees in the amount of $1,000. At the motion hearing, husband again attempted to introduce evidence on matters of which the court had finally disposed. As we noted in our earlier opinion, "'*[r]es judicata* precludes the re-litigation of a claim or issue once a final determination on the merits has been reached by a court having proper jurisdiction over the matter.'" Id., slip op. at 2 (quoting Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994)). Therefore, the trial court did not err in denying husband's motion on this ground. Furthermore, the April 6, 2004 trial court order, which husband appeals in this case, does not substantively address husband's questions presented on appeal.

To the extent husband challenges the court's attorney's fee award as excessive, he supports this argument in his brief with a single sentence. He claims only that "[c]ounsel for wife specifically states that there were no costs." "Since this argument was not fully developed in the appellant's brief, we need not address this question." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). However, we note:

> "Generally, 'costs' do not include attorney fees unless such fees
> are by a statute denominated costs or are by statute allowed to be
> recovered as costs in the case."

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 693, 479 S.E.2d 98, 99 (1996) (quoting Black's Law Dictionary 312 (5th ed. 1979)). Counsel's comment that he did not incur any "costs," simply does not demonstrate that wife did not owe her counsel fees for services rendered. Accordingly, we summarily affirm the trial court's decision.

Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a

reasonable award of costs and counsel fees incurred in this appeal.  See id. at 695, 479 S.E.2d at 100.

Affirmed and remanded.