Alexandria

RONALD LEE BUCHANAN

v.

DARLENE HEDGES BUCHANAN

No. 0652-91-4

Decided March 10, 1992

54

Counsel

Clinton Robert Ritter (E. Eugene Gunter, on brief), for appellant.

(Susan Lynn French, on brief), for appellee.

Opinion

**BARROW, J.**—This domestic relations appeal is from a decree denying a request for modification of child and spousal support. We must decide if the trial judge should have recused himself because of his previously expressed opinion that the attorney representing the father at trial was unfit to practice law. We must also decide if the trial court erred in refusing to eliminate spousal support and in refusing to increase child support. We conclude that the trial judge's refusal to recuse himself is not reversible error. Furthermore, although we are unable to conclude that the trial court erred in the manner in which it modified spousal support, we conclude that the trial court erred in not making written findings in support of its deviation from the child support guidelines.

The parties are divorced, and their children are in the custody of their father. The father sought to eliminate the spousal support

he was required to pay to the mother and to increase the child support she was required to pay to him. The trial court reduced spousal support by fifty percent for six months but denied an increase in child support even though the presumptive amount indicated by the child support guidelines was greater than the amount which the mother was paying.

Before the hearing on the support matters, the father's attorney moved the trial judge to recuse himself in the matter. The motion alleged various reasons why he should do so. During a hearing on this motion, no evidence was taken, but the allegations were discussed. The only allegation that appeared to have any factual support concerned a letter written by the trial judge to the father's attorney explaining why the trial judge had refused to sign an affidavit supporting the attorney's application for a license to practice law in West Virginia. The letter, while acknowledging the attorney's legal ability, expressed "a serious concern with respect to your professional conduct, by reason of the fact that you have now been reprimanded in this court by three judge panels on two occasions." In addition, the letter recited other disciplinary measures that had been taken regarding the attorney.

"A trial judge must exercise reasonable discretion to determine whether he possesses such a bias or prejudice as would deny a party a fair trial . . . ." *Stamper v. Commonwealth*, 228 Va. 707, 714, 324 S.E.2d 682, 686 (1985) (citing *Deahl v. Winchester Dep't of Social Servs.*, 224 Va. 664, 672-73, 299 S.E.2d 863, 867 (1983)). In exercising such discretion, a judge must not only consider his or her true state of impartiality, but also the public's perception of his or her fairness, so that public confidence in the integrity of the judicial system is maintained. *Id.* However, "[m]erely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings . . . does not automatically or inferentially raise the issue of bias." *Deahl*, 224 Va. at 672-73, 299 S.E.2d at 867 (citing *Barry v. Sigler*, 373 F.2d 835, 836 (8th Cir. 1967)). Furthermore, "[t]he courts are practically unanimous in the view that neither the forming or expressing of [an opinion upon a matter or issue which may come before him in a later proceeding] disqualifies a judge in a subsequent matter." *Slayton v. Commonwealth*, 185 Va. 371, 376, 38 S.E.2d 485, 488 (1946); *see also Justus v. Commonwealth*, 222 Va. 667, 674, 283 S.E.2d 905, 908 (1981), *cert. denied*, 455 U.S.

983 (1982).

The trial judge's expression of "a serious concern" regarding the professional conduct of the father's attorney, standing alone, is not a basis requiring that he recuse himself. Such a comment is less problematic than the formation of an opinion on a matter that may come before him later. The record reflects no indication that any bias actually affected the proceedings. Therefore, we find no error in the trial judge's refusal to recuse himself.

█ Furthermore, we conclude that the trial court did not err in refusing to eliminate an award for spousal support to the mother. The appellant contends that the trial court failed to consider all of the factors it is required to consider under Code § 20-107.1. Although failure of the trial court to consider the factors specified in Code § 20-107.1 is reversible error, the award of spousal support is "largely a matter committed to the sound discretion of the trial court." *Ray v. Ray*, 4 Va. App. 509, 514, 358 S.E.2d 754, 757 (1987). Although the appellant argues that the trial court did not consider all of the statutory factors, his brief fails to identify which factors were not considered and how they would have affected the trial court's determination. Since this argument was not fully developed in the appellant's brief, we need not address this question. *Rogers v. Rogers*, 170 Va. 417, 421, 196 S.E.2d 586, 588 (1938). Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief. *See Holmstrom v. Kunis*, 581 N.E.2d 877, 882 (Ill. Ct. App. 1991); *DeLong v. Hilltop Lincoln-Mercury, Inc.*, 812 S.W.2d 834, 839 (Mo. Ct. App. 1991); *Christensen v. Munns*, 812 P.2d 69, 72 (Utah 1991); *State v. Schultz*, 435 N.W.2d 305, 309 (Wis. Ct. App. 1988) *aff'd*. 448 N.W.2d 424 (Wis. 1989), *cert. denied*, 493 U.S. 1092 (1990).

█ However, we do find error in the trial court's determination of child support. When an award of child support deviates from the presumptive amount provided for in the child support guidelines, a trial court is required to make written findings explaining why the application of the guidelines would be unjust or inappropriate. Code § 20-108.1(B); *see also Richardson v. Richardson*, 12 Va. App. 18, 21-22, 401 S.E.2d 894, 896 (1991). Even though the trial court in this case determined that the award of child sup-

port ($260) deviated from the presumptive amount of child support ($361) provided in the guidelines, it made no written findings explaining why the application of the guidelines in this case would be unjust or inappropriate. Therefore, the award for child support must be reversed and the matter remanded for redetermination of that amount in the manner required by Code § 20-108.1.

For these reasons, the award for child support is reversed; the remainder of the decree is affirmed; and the matter is remanded for a redetermination of child support.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Coleman, J., and Duff, J., concurred.