COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


GLENN R. MILLER
                                        MEMORANDUM OPINION[*]
v.    Record No. 3002-95-4                 PER CURIAM
                                         JULY 16, 1996
MARGARET R. MILLER


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
              Benjamin N. A. Kendrick, Judge Designate

            (Jeffrey W. Parker; Kennon C. Hook; Niles,
            Dulaney, Parker & Lauer, on brief), for
            appellant.

            (Stephen C. Price; Price & Zimmerman, on
            brief), for appellee.


     Glenn R. Miller appeals the decision of the circuit court

finding him in contempt.  On appeal, appellant contends that (1)

the trial court erred in finding him in contempt despite his

inability to pay; (2) the trial judge erred in refusing to recuse

himself; and (3) the trial court violated appellant's right to

due process by failing to consider an additional allegation of

the 1993 show cause order.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

                        Inability to Pay

     On appeal, we view the evidence and all reasonable

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

inferences in the light most favorable to appellee as the party prevailing below. "Where, as here, the court hears the evidence _ore_ _tenus_, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." _Martin v. Pittsylvania County Dep't of Social Servs._, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). The trial court, as the finder of fact, was entitled to determine "the weight which should be given to evidence and whether the testimony of a witness is credible." _Bridgeman v. Commonwealth_, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

Appellant presented evidence that he had no income, no employment, and no assets. The trial court found appellant's testimony to be less than credible. The court stated:

> You and you alone are the sole reason you're in this situation. You are intelligent, and you appear well educated. You're physically and mentally capable of working. There is no reason why you can't. The only reason why you can't is your defiance. And your defiance is deliberate, and it's willful, and you remain in contempt of Court.

Credible evidence indicated that appellant earned no income yet was able to earn income and pay the outstanding $6,100 debt. Appellant testified that he did not pay the obligation when it initially was imposed because he "had other things I had to do." Therefore, we find no error in the trial court's decision holding appellant in civil contempt.

### Motion to Recuse

"It is within the trial judge's discretion to determine

2

whether he harbors bias or prejudice which will impair his ability to give the defendant a fair trial."  Terrell v. Commonwealth, 12 Va. App. 285, 293, 403 S.E.2d 387, 391 (1991). "In exercising such discretion, a judge must not only consider his or her true state of impartiality, but also the public's perception of his or her fairness, so that the public confidence in the integrity of the judicial system is maintained."  Buchanan v. Buchanan, 14 Va. App. 53, 55, 415 S.E.2d 237, 238 (1992). However, "even when circumstances create an appearance of bias, unless the conduct of the judge is shown to have affected the outcome of the case," the trial court's determination will not be reversed.  Welsh v. Commonwealth, 14 Va. App. 300, 317, 416 S.E.2d 451, 461 (1992), aff'd, 246 Va. 337, 437 S.E.2d 914 (1993).  The trial court's determination will be reversed on appeal only for an abuse of discretion.  Terrell, 12 Va. App. at 293, 403 S.E.2d at 391.

The only issue on remand was the nature of appellant's contempt.  The trial judge denied appellant's request for a new judge because he knew the facts of the case and understood the instructions on remand.  As noted in our previous order, the original order requiring payment of the sanction remained in effect.  Appellant has failed to demonstrate any bias on the part of the trial judge which affected the outcome of the case. Therefore, we find no abuse of discretion in the trial judge's denial of appellant's motion to recuse.

## Due Process

The sole issue on remand from this Court was the nature of appellant's contempt of court. The trial court was authorized, within its discretion, to refer the matter to the Commonwealth's Attorney for a criminal contempt proceeding or to hold a civil contempt hearing. As no other matter remained to be decided, appellant's contention that he was denied due process by the limitation of the hearing is without merit.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.
