COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


STEVE M. HAYES

MEMORANDUM OPINION*

v.    Record No. 1857-99-2                    PER CURIAM
                                           JANUARY 18, 2000

4 E CORPORATION
AND
TRAVELERS CASUALTY & SURETY COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Malcolm Parks; Christopher A. Jones;
Maloney, Huennekens, Parks, Gecker & Parsons,
on briefs), for appellant.

(S. Vernon Priddy III; Sands, Anderson,
Marks & Miller, on brief), for appellees.


Steve M. Hayes (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that the

"law of the case" doctrine did not apply to save his

November 5, 1996 claim seeking an award of permanent total

disability benefits from the bar of the applicable statute of

limitations.[1]  Upon reviewing the record and the briefs of the

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

    [1] In his "Questions Presented" claimant also assigned error
to the commission's decision to amend its September 13, 1996
review opinion.  However, claimant did not present any argument
with respect to that question.  Accordingly, we will not address
it on appeal.  See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415
S.E.2d 237, 239 (1992) (statements unsupported by argument do
not merit appellate consideration).

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision. <u>See</u>

Rule 5A:27.

> "The [law of the case] doctrine, briefly stated, is this:  Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing <u>decided</u> on the first appeal can be reexamined on a second appeal.  Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to reexamination by either.  For the purpose of that case, though only for that case, the decision on the first appeal is law."

<u>American Filtrona Co. v. Hanford</u>, 16 Va. App. 159, 164, 428

S.E.2d 511, 514 (1993) (emphasis added) (quoting <u>Steinman v.</u>

<u>Clinchfield Coal Corp.</u>, 121 Va. 611, 620-21, 93 S.E. 684, 687

(1917)).

In holding that the law of the case doctrine did not apply

to save claimant's November 5, 1996 claim, which was filed more

than three years after June 4, 1993, the correct date for which

compensation was last paid to claimant, the commission concluded

as follows:

> [T]he statement of the erroneous date for last payment, December 13, 1993, by the full Commission in the 1996 Review Opinion was not, in itself, a conclusion of law or a finding of fact to which the doctrine of the law of the case applies.  The decision did not turn on when payments were last made and the erroneous statement played no role in the decision denying the 1994 claim.  That decision solely was based on the finding that the claimant failed to prove he was unable to use his right hand and leg to any

- 2 -

> substantial degree in gainful employment.
> Thus, the date for which the claimant was
> last paid benefits played no part in the
> viability of the 1994 claim, its omission
> would have taken nothing away, and its
> inclusion added nothing to the opinion's
> force.  Thus, the law of the case doctrine
> does not apply.

The commission also found that "[t]his conclusion applies equally to the Court of Appeals' erroneous statement [in its April 1, 1997 opinion] that the claimant's eligibility for temporary compensation benefits expired in 1994."  We agree.

The date upon which compensation was last paid to claimant was not at issue when the 1994 claim was addressed by the commission or by this Court.  The commission did erroneously refer to December 13, 1993 as being the last date for which claimant received compensation benefits and this Court also referenced benefits ending in 1994.  However, these references did not constitute legal or factual findings decided in the first appeal between the parties which could not be reexamined by the commission when it addressed employer's statute of limitations defense with respect to the November 5, 1996 claim.

"[D]ictim of the reviewing court" or "statements casually made as to other portions of the case not under consideration at the time they are made" do not fall within the purview of the law of the case doctrine.  Morison v. Dominion Nat'l Bank, 172 Va. 293, 299-300, 1 S.E.2d 292, 294 (1939).  Neither the statute of limitations nor the correctness of the date upon which

compensation was last paid to claimant was an issue "urged or considered" when the commission and this Court addressed the 1994 claim. Id. at 300, 1 S.E.2d at 294. Thus, any reference to the date upon which compensation was last paid to claimant by the commission in its September 1996 review opinion or this Court in its April 1997 opinion was not conclusive and binding upon the parties. Accordingly, the commission did not err in refusing to apply the law of the case doctrine, and in finding that claimant's November 5, 1996 application was not timely filed.[2]

For these reasons, we affirm the commission's decision.

Affirmed.

---

[2] Because our decision disposes of this appeal, we need not address employer's argument that the commission should have applied a two-year limitations period.