COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Frank and Clements

EDWARD H. BENDER

v.    Record No. 1479-01-1

VIRGINIA MARINE RESOURCES COMMISSION

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 30, 2001

FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
Glen A. Tyler, Judge

(Edward H. Bender, pro se, on briefs).

(Randolph A. Beales, Attorney General;
Roger L. Chaffe, Senior Assistant Attorney
General; Carl Josephson, Assistant Attorney
General, on brief), for appellee.


Edward H. Bender appeals the ruling of the Circuit Court of

Northampton County sustaining the Virginia Marine Resources

Commission's (VMRC) demurrer and dismissing his petition for

appeal.  On appeal, he presents four questions but only three

distinct issues.  Bender contends the circuit court erred in 1)

holding preamble language recorded only in VMRC's minute book did

not rescind the entire regulation in issue; 2) finding Bender's

appeal of provisions of regulations not amended by VMRC on October

26, 2000 was not timely under Rule 2A:2, because his notice of

appeal was filed over thirty days after VMRC's adoption of the

provisions; and 3) sustaining VMRC's demurrer and dismissing

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Bender's appeal.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.[1]

### Background

On October 26, 2000, VMRC amended the language of a subsection of the regulations governing the fishery management plan for striped bass.  See 4 VAC 20-252-10 et seq.  The amendments became effective October 30, 2000.  Although only one subsection of the regulation was altered, the preamble in the October 26, 2000 written version of the regulation as recorded in VMRC's minute book states:  "This regulation rescinds previous Regulation 4 Va 20-252-10 ET SEQ."  However, the preamble is not part of the regulation and does not appear in the administrative code itself.

Bender, seeking judicial review of the fishery management plan for striped bass, filed his notice of appeal with VMRC's agency secretary on November 27, 2000.  In his appeal, Bender challenged portions of the regulations which were not amended on October 26, 2000.

_____

[1] Appellant's motion for remand is denied.

-

## Analysis

## I. and II.

Bender argues the preamble's language had the effect of repealing and then reenacting the entire regulation, thereby making the effective date of the regulation October 30, 2000, and allowing him thirty days from that date to appeal any portion of 4 VAC 20-252-10 et seq. The administrative code does not include the preamble and indicates that only 4 VAC 20-252-30.H was amended effective October 30, 2000. See "Historical Notes" and "Effect of Amendment" under 4 VAC 20-252-30. The trial court correctly held that the preamble did not change the effective date of the regulation.

Code § 9-6.14:16(A) provides that the right of a party seeking review of an agency action shall be "in the manner provided by the rules of the Supreme Court of Virginia." Rule 2A:2 requires that a notice of appeal be filed within thirty days after the adoption of a regulation.

In his notice of appeal, Bender challenged the language of 4 VAC 20-252-30.I, 4 VAC 20-252-120, 4 VAC 20-252-130, and 4 VAC 20-252-160. These sections of the regulations were not amended at VMRC's October 26, 2000 meeting. Consequently, Bender's appeal of these provisions was, as the circuit court correctly noted in its order, untimely.

-

III.

The trial court sustained VMRC's demurrer, finding Bender's appeal was untimely for all but the amended language of 4 VAC 20-252-30.H. The amendments to that subsection added to the number of days when commercial hook-and-line fishing is permitted within 300 feet of a bridge or similar structure. The new language also prohibits commercial hook-and-line fishing within 300 feet of such structures during Thanksgiving Day and the following day. The circuit court noted in its order that appellant failed in his petition for appeal to demonstrate that he was affected by the amendments, as required by Code § 9-6.14:16(A); and failed to state reasons why the amendments were deemed to be unlawful, as required by Rule 2A:4. In his brief, Bender failed to develop this argument.

> Since this argument was not fully developed in the appellant's brief, we need not address this question. Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief.

Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (citations omitted). Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-