COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


TAHOURA SIMPSON
                                        MEMORANDUM OPINION*
v.    Record No. 0109-02-2                  PER CURIAM
                                          JUNE 4, 2002
RICHMOND DEPARTMENT OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Randall G. Johnson, Judge

            (Horace F. Hunter, on brief), for appellant.

            No brief for appellee.


        Tahoura Simpson (mother) appeals the decision of the circuit

court terminating her residual parental rights in her daughter,

Trezure Simpson.  On appeal, mother contends the trial court erred

by (1) finding the Richmond Department of Social Services (the

"Department") complied with the law; and (2) finding the evidence

sufficient to prove mother, without good cause, failed to

substantially remedy the conditions that resulted in the placement

of her daughter in foster care.  Upon reviewing the record and

opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.[1]

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated
for publication.

        [1] We deny the Department's motion to dismiss.  Because we
summarily affirm, it is unnecessary for us to rule on the
Department's motion for an extension of time to file a brief.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee, as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

The Department removed Trezure and mother's other three children from mother's home on July 21, 1999 after they were found home alone.  The original foster care plan called for a goal of returning the children home.  Mother was required to receive substance abuse counseling, stop using drugs, attend parenting classes, secure and maintain housing, and maintain contact with her children.  Mother failed to complete substance abuse counseling and failed to stop using drugs.  She did not attend parenting classes and failed to secure housing.  During the time her children were in foster care, mother gave birth to a child who accompanied her to a drug treatment facility.  In December 2000, mother left the program and failed to take her baby to the foster home where he had been before joining her at the center.  Instead, mother abandoned the child at her residence, where he died of hypothermia in January 2001.  Mother was incarcerated after pleading guilty to felony child abuse and neglect.

Analysis

I.

Although mother argues that the Department did not comply with the law, her brief fails to identify in what way the law was violated.

> Since this argument was not fully developed in the appellant's brief, we need not address this question. Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief.

Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (citation omitted).

II.

Mother argues the trial court erred by finding that good cause did not exist for her failure to substantially remedy the conditions that resulted in the placement of her daughter in foster care. She argues that she attempted to remedy the situation by attending, although not completing, a drug treatment program.

Mother continued to use drugs throughout the period her children were in foster care, she failed to complete parenting classes, or to secure and maintain housing for her children. Finally, she abandoned her infant son, allowing him to die of hypothermia. The record amply supports the trial judge's ruling that the Department established by clear and convincing evidence under Code § 16.1-283(C)(2) that mother, without good cause,

failed to remedy the conditions leading to the child's foster care placement.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>