COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Felton
Argued by teleconference


JUANITA DELORES MARSH

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2865-02-1         JUDGE JEAN HARRISON CLEMENTS
                                           FEBRUARY 10, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          Robert W. Curran, Judge

            Robert Moody, IV (Cathy E. Krinick; Krinick, Segall, Moody and
            Lewis, on brief), for appellant.

            Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Juanita Delores Marsh was convicted in a bench trial of operating a motor vehicle after

having been declared an habitual offender, subsequent offense, in violation of Code

§ 46.2-357(B)(3).  On appeal, Marsh contends the trial court erred in admitting into evidence her

DMV transcript and the attached habitual offender notice as evidence that she was an habitual

offender.  Finding appellate review procedurally barred, we affirm Marsh's conviction.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

At trial, the Commonwealth moved to introduce Marsh's DMV transcript, which included an unsigned and undated "Suspension/Revocation/Disqualification Notice," as Commonwealth's "Exhibit 2." Marsh's attorney did not object to the admission of the DMV transcript itself. "I would submit to the Court," she stated below, "that the transcript itself comes in as signed by the Commissioner and is accepted in courts everyday." She did object, however, to the admission of the notice form. It was inadmissible, she argued, for two reasons as follows:

> Number one, I don't believe that it is a proper part of the D[MV] transcript. And number two, it is not correct on its face and therefore should not be allowed to substitute for the testimony of the officer. . . . [T]his form is not dated and it is not signed by the officer. So it should not be sufficient on its face. They could bring the officer in. He's still with the department and he could have testified that on such a[nd] such a date he personally gave this form to Ms. Marsh and that would be a way to prove that fact. But to use this form to prove that fact, without this form being correct, I would submit to the Court is not sufficient. . . .

> \* \* \* \* \* \* \*

> . . . I would submit to the Court, that technically, they have not shown through any of these documents that she has had notice of being an habitual offender and drove intentionally with that understanding.

The Commonwealth argued the notice form was admissible because it was part of the certified DMV record. The Commonwealth further argued that, regardless of the admissibility of the notice, March received notice of her habitual offender status when she pled guilty in a prior case to a misdemeanor charge of driving while an habitual offender.

The trial court acknowledged that the lack of a date on the notice form was problematical, but nonetheless admitted the entirety of Commonwealth's Exhibit 2, ruling that Marsh's objections went to the weight of the evidence, not to the notice form's admissibility. The court found the Commonwealth proved Marsh had the requisite notice because, "when a person is convicted of the

misdemeanor, they are on notice that they're an habitual offender." The court subsequently convicted Marsh of the felony offense of operating a motor vehicle after having been declared an habitual offender, subsequent offense, in violation of Code § 46.2-357(B)(3), and this appeal followed.

## II. ANALYSIS

In her opening appellate brief, Marsh sets forth a single "Question[] Presented" as follows:

> I. Did the Court Err in Overruling the Petitioner's Motion to Strike the Commonwealth's Evidence as Being Insufficient to Prove that the Petitioner was an Habitual Offender?

In the "Arguments of Law" portion of her brief, however, Marsh solely argues the following question:

> I. Did the Court Err in Admitting the Petitioner's DMV transcript and Attached "Notice" as Evidence that she was an Habitual Offender?

In her petition for appeal, Marsh presented both of the questions set forth above. As Marsh acknowledged at oral argument, however, a judge of this Court denied her petition on the sufficiency issue and granted her petition only on the admissibility issue. The sole question before us, then, is the admissibility of Commonwealth's Exhibit 2—the DMV transcript and the attached notice form.

In her brief, Marsh's entire argument regarding the admissibility issue before us is less than one page in length. After explaining that, despite finding the notice form problematical because it was not dated, the trial court admitted the DMV transcript into evidence over Marsh's "hearsay objection," Marsh argues as follows:

> The Court erroneously ruled that the Petitioner's objections went to weight of the evidence and not to the admissibility (JA 23[1]). The

---

[1] Curiously, page 23 of the joint appendix in this case is a June 5, 2002 order directing Marsh to appear in court to show cause why she should not be found in contempt of court for her failure to appear that day in court.

> Petitioner respectfully submits that the Trial Court was incorrect in both respects and that it was reversible error to admit the contested documents. Nor was it harmless error to admit those 2 exhibits— without them, the Commonwealth's entire case would have rested on the prior misdemeanor conviction which could not prove that the Petitioner had not had her driving privileges restored by the date of this offense. The admission of the DMV transcript and "notice" was clearly prejudicial to the Petitioner and clear error.

(Footnote added.) This passage represents the entirety of Marsh's argument in her brief.

Rule 5A:20(e) requires that the appellant's opening brief include the "principles of law, the argument, and the authorities relating to each question presented." Plainly, Marsh's opening brief does not meet the requirements of Rule 5A:20(e). Not only does Marsh fail to argue the issue with any specificity, relying instead on a few broad, conclusory assertions, she also fails to provide any citation to controlling legal authority that supports her position.

As we noted in Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." See also Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816 (declining to address an argument on appeal that was inadequately developed in appellant's brief), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996); Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc) (noting it is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims").

Hence, we find that Marsh's claim of trial court error does not warrant appellate consideration, and we, therefore, do not consider it on appeal.

Accordingly, we affirm Marsh's conviction.

Affirmed.