COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


ERIC HUNK WING YIP

v.       Record No. 1159-04-4

JANET YIP

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 16, 2004


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

(Eric Hunk Wing Yip, *pro se*, on brief).

(Jennifer E. Mandell, on brief), for appellee.


Eric Hunk Wing Yip, husband, appeals a final order of the trial court granting Janet Yip,

wife, a divorce.  On appeal, husband asserts:  (1) he was not allowed to speak during wife's

deposition; (2) his attorney would not allow him to offer certain evidence to prove damage to the

marriage; (3) he was not allowed to offer evidence that wife manipulated particular investment

accounts; and (4) a handwritten Memorandum of Understanding of Settlement between the parties

was altered after he signed the document.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

        Many of appellant's citations to the record are inadequate for us to determine where the

questions presented were preserved in the trial court.  See Rule 5A:20(c).  In addition, appellant

cites no principles of law or legal authorities relating to the questions presented.  Rule 5A:20(e)

requires that the appellant's opening brief include the "principles of law, the argument, and the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

authorities relating to each question presented." Appellant's opening brief does not meet the requirements of Rule 5A:20.

As we noted in Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." See also Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816 (declining to address an argument on appeal that was inadequately developed in appellant's brief), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996); Fitzgerald v. Bass, 6 Va. App. 38, 56 n. 7, 366 S.E.2d 615, 625 n. 7 (1988) (*en banc*) (noting it is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims").

Hence, we find appellant's questions presented do not warrant appellate consideration, and we, therefore, do not consider them on appeal.

Wife requests attorney's fees and costs incurred in defense of this appeal. Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Accordingly, we remand the matter to the trial court for it to determine the proper amount of the award.

Accordingly, we affirm the decision of the trial court.

Affirmed and remanded.