COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Frank and Humphreys
Argued at Salem, Virginia


JOSEPH EDISON BRIDGES
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2226-04-3               JUDGE ROBERT P. FRANK
                                                DECEMBER 13, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                      Joseph W. Milam, Jr., Judge

         Carolyn H. Furrow for appellant.

         Denise C. Anderson, Assistant Attorney General (Judith Williams
         Jagdmann, Attorney General, on brief), for appellee.


         Joseph Edison Bridges, appellant, was convicted, in a jury trial, of voluntary

manslaughter in violation of Code § 18.2-35 and unlawfully shooting into an occupied vehicle in

violation of Code § 18.2-154.  On appeal, appellant contends the court was without authority to

assess the victim's funeral expenses against him in the form of court costs in the amount of

$3,500.[1]  For the reasons that follow, we affirm.

                                      BACKGROUND

         A grand jury indicted appellant for first-degree murder and shooting into an occupied

vehicle.  At trial, a jury convicted appellant of voluntary manslaughter and shooting into an

occupied vehicle.  The jury recommended appellant serve ten (10) years in the Department of

Corrections for the manslaughter and five (5) years in the Department of Corrections for the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not appeal his conviction.

shooting, the maximum penalty allowable for each conviction. At sentencing, the court imposed the sentences recommended by the jury. The attorney for the Commonwealth asked the court to order appellant to reimburse the Criminal Injuries Compensation Fund in the amount of $3,500, as the Fund had previously paid the victim's estate that sum for funeral expenses. Over appellant's objection, the court imposed $3,500 specifically in court costs, not in restitution.

This appeal follows.

### ANALYSIS

On appeal the question presented is that the trial court erred, as a matter of law, by assessing reimbursement of funeral expenses as a cost of the proceeding rather than by entering an order of restitution. Yet, he argues, on brief, that an award of *restitution* was improper. While he concedes that reimbursement in the form of restitution for funeral expenses is authorized by Code §§ 19.2-303 and 19.2-305.1(B), he argues that such restitution is only permitted in cases where the offender is given a partially or wholly suspended sentence. Citing Code § 19.2-301, he reasons that restitution is not proper in this case because no part of his sentence was suspended.

Appellant's only argument on brief is that the trial court erred in awarding restitution. Appellant further conceded at oral argument that his only claim was that the trial court erred in ordering restitution. We find this discourse to be of no value because the trial court specifically declined to impose restitution, ruling, instead, that the reimbursement was in the form of court costs. Appellant's argument, therefore, does not correspond to his question presented. See Rule 5A:20(e).

Appellant made no argument nor cited any authority in support of his question presented that there is no statutory authority for the court to have assessed costs against him for funeral expenses. By failing to do so, appellant has violated the provisions of Rule 5A:20(e).

"[S]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration." <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Thus, we will not consider this issue on appeal.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>