COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued at Salem, Virginia


JERRY NOLAN AND
 CHARLES WRIGHT

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 2868-05-3                    JUDGE SAM W. COLEMAN III
                                                   OCTOBER 17, 2006
VIRGINIA DEPARTMENT OF CORRECTIONS,
 BOTETOURT CORRECTIONAL CENTER


              FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                          Malfourd W. Trumbo, Judge

              (Hilary K. Johnson, on brief), for appellants.  Appellants submitting
              on brief.

              Ronald N. Regnery, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General; Maureen Riley Matsen, Deputy
              Attorney General; Peter R. Messitt, Senior Assistant Attorney
              General; Martha M. Parrish, Senior Assistant Attorney General, on
              brief), for appellee.


        Jerry Nolan and Charles Wright, appellants, were employed by the Virginia Department

of Corrections (DOC) as correctional officers at Botetourt Correctional Center (BCC), a level I

facility.  Appellant Nolan filed several grievances against the DOC between 2002 and 2004

alleging unsafe work environment, hostile work environment, and unprofessional management.

On June 9, 2004, appellant Wright, in lieu of filing a grievance, joined with three other

correctional officers and penned a letter to the Regional Director of the Department of

Corrections entitled "Workplace Violation/Hostile Work Environment" outlining the officers'

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

concern for their safety at BCC. Copies of the letter were mailed to the Attorney General and the Secretary of Public Safety.

On June 17, 2004, both appellants were transferred from BCC to higher security correctional centers. In response, appellants filed separate grievances on July 16, 2004, alleging retaliation. After hearings on both matters, a hearing officer ordered DOC to "refrain from retaliating against Grievant[s] for engaging in protected activities." DOC appealed that decision to the trial court, and the trial court reversed.

Nolan and Wright appeal the trial court's reversal to this Court, contending that the trial court erred (1) by disturbing the hearing officer's findings of facts, (2) in finding that the transfer was not adverse to appellants as a matter of law, and (3) by assuming that a claimant cannot prevail on an allegation of retaliation when his underlying claim fails. Upon review of the record and briefs of the parties, we dismiss this appeal for appellants' failure to comply with the requirements of Rule 5A:20(e).

Appellants cite no legal authority in support of their first question presented. Rule 5A:20 requires appellants' brief to contain "a statement of the questions presented" and "the principles of law, the argument, and the authorities relating to each question presented . . . ." Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Thus, we will not consider appellants' first question presented on appeal.

Appellants cite two federal cases discussing their second question presented. However, appellants acknowledge that these cases are inapplicable, but, moreover appellants fail to provide any analysis as to why these support a decision in this Court or how these cases are distinguishable from the case at bar. Without such application of the law to the facts of this case, appellants' brief does not comport with the provisions of Rule 5A:20(c). We will not address an

argument that is inadequately developed in an appellant's opening brief. <u>Theismann v. Theismann</u>, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, <u>aff'd en banc</u>, 23 Va. App. 697, 479 S.E.2d 534 (1996).

Finally, in support of their third question presented appellants cite two opinions from the United States District Court for the Western District of Virginia. While appellants argue that this case authority supports their position that a claimant can prevail on charges of retaliation even if the underlying complaint fails, these cases are unpublished and carry no precedential value in this Court. Because appellants' argument as to this question presented was not developed in their brief, we do not address this question. <u>Buchanan</u>, 14 Va. App. at 56, 415 S.E.2d at 239.

Accordingly, appellants' appeal is dismissed.

<u>Dismissed.</u>