COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Haley and Senior Judge Coleman


INOVA FAIR OAKS HOSPITAL AND
 INOVA HEALTH SYSTEM FOUNDATION, INC.

MEMORANDUM OPINION[*]

v.        Record No. 0908-07-4                       PER CURIAM
                                                     JULY 31, 2007

ELIZABETH EPPS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Eric J. Berghold; McCandlish & Lillard, P.C., on brief), for
appellants.

(James E. Swiger; Swiger & Cay, on brief), for appellee.


The Workers' Compensation Commission found that Elizabeth Epps proved she

(1) sustained an injury by accident arising out of and in the course of her employment on

February 28, 2003; (2) was disabled for various periods as a result of that injury by accident; and

(3) sustained injuries, disability, and medical treatment causally related to that injury by accident.

Inova Fair Oaks Hospital and its insurer (hereinafter referred to as "employer") appeal this

decision and present ten questions for review.

With respect to employer's Questions Presented 1 through 8, all of which pertain to the

commission's finding that claimant proved she sustained an injury by accident arising out of and

in the course of her employment on February 28, 2003, we have reviewed the record and the

commission's opinion, and we hold that this appeal is without merit.  Accordingly, we affirm the

commission's decision for the reasons stated in its May 16, 2005 opinion, which it incorporated

by reference in its March 23, 2007 final opinion.  See Epps v. Inova Fair Oaks Hosp., VWC File

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

No. 213-55-21 (May 16, 2005 and Mar. 23, 2007). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

With respect to employer's Questions Presented 9 and 10, which relate to the commission's findings that Epps proved various periods of disability and that her injuries, disability, and medical treatment were causally related to her February 28, 2003 injury by accident, we dismiss those questions because employer's opening brief fails to comply with Rule 5A:20(e). Employer's brief does not include any principles of law or citation to legal authorities related to Questions Presented 9 and 10.

Rule 5A:20(e) mandates that the appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." This Rule is critical to these proceedings because employer, as appellant, has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret [employer's] contention[s] and correct deficiencies in a brief." Id.; see also Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc) (noting that "[w]e do not deem it our function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims").

Thus, we will not consider those questions. Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

Affirmed in part, and dismissed in part.