COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


DEVIN JAMAR JONES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1710-07-2        JUDGE RUDOLPH BUMGARDNER, III
                                                          MAY 27, 2008
CHARLOTTESVILLE DEPARTMENT
  OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                                Marc Jacobson, Judge

            (Pamela R. Johnson, on brief), for appellant.  Appellant submitting
            on brief.

            (Francesca Fornari, Assistant City Attorney; Michael J. Hallahan, II,
            Guardian *ad litem* for the minor child, on brief), for appellee.
            Appellee and Guardian *ad litem* submitting on brief.


        Devin Jamar Jones appeals the termination of his parental rights to his child.  He contends

the trial court erred because he was not the cause of the neglect that led to his child's placement in

foster care and because he was not offered reasonable and appropriate services intended to reunite

him with his child.[1]  The issue raised by the appellant on this appeal was not the issue raised in the

trial court.  Accordingly, we affirm the trial court.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The Question Presented in the appellant's brief states:

            Did the Court err by terminating Appellant's parental rights and approving
            the foster care plan with the goal of adoption when the neglect which led to
            the child's placement in foster care was not due to any neglect by Appellant
            and, further, when Appellant was not offered any reasonable and appropriate
            services intended to reunite him and his child?

The argument that the father did not neglect the child is not addressed in his brief. Rule 5A:20 requires his brief to include "the principles of law, the argument, and the authorities relating to each question presented." In addition, the argument that he was not offered any reasonable and appropriate services was not raised in the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

The argument that the father does make in his brief is inadequate for appellate review. While he broadly asserts that termination is not in the best interests of his child and that he has remedied the situation leading to foster care, he points to no specific errors of the trial court, advances no argument in support of his contention, and cites no authorities for this contention. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). See Rule 5A:20(e).

We do not consider the question presented on this appeal because the requirements of Rule 5A:18 and 5A:20 are not met. The issue is waived. Jay v. Commonwealth, 275 Va. 510, 519-20, 659 S.E.2d 311, 317 (2008). Accordingly, we affirm the trial court.

Affirmed.