COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


SHERI L. TALLEY

v.      Record No. 1472-09-2

DAVID A. CONNELLY

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 15, 2009


FROM THE CIRCUIT COURT OF LANCASTER COUNTY
Harry T. Taliaferro III, Judge

(Sheri L. Talley, *pro se*).

No brief for appellee.


Sheri L. Talley appeals a decision of the trial court concerning child support.  On October 9, 2009, appellant filed a pleading with this Court and asked that it be considered in lieu of a formal opening brief and appendix.  By order entered October 22, 2009, we denied that request and ordered appellant to file, within fifteen (15) days thereof, a replacement opening brief that complies with the applicable Rules of Court and an appendix.  Appellant has failed to do so.  Upon consideration of the record and the pleading filed on October 9, 2009, we summarily affirm the decision of the trial court.  Rule 5A:27.

Rule 5A:20(c) clearly requires appellants to provide in their opening briefs "[a] statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix, where each question presented was preserved in the trial court."  Rule 5A:20(d), in turn, requires appellants to provide "[a] clear and concise statement of the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

facts that relate to the questions presented, with references to the pages of the transcript, written statement, record, or appendix."

The pleading filed on October 9, 2009 fails to comply with either Rule 5A:20(c) or Rule 5A:20(d). First, it does not provide any questions presented. Failure to do so violates Rule 5A:20(c) and is, by itself, grounds for summary affirmance. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief.").

The pleading also fails to include a statement of facts. Thus, it violates the provisions of Rule 5A:20(d).

Furthermore, Rule 5A:20(e) mandates that the brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

"'An appellant who asserts that a trial court's ruling was erroneous has an obligation to state clearly to the appellate court the grounds for that assertion.'" Jenkins v. Commonwealth, 244 Va. 445, 461, 423 S.E.2d 360, 370 (1992) (quoting Spencer v. Commonwealth, 240 Va. 78, 99, 393 S.E.2d 609, 622 (1990)). "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Rule 5A:20(e) bars us from addressing any issues unsupported by authority. Epps v. Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926 (2006) (en banc), aff'd, 273 Va. 410, 641 S.E.2d 77 (2007).

Here, appellant did not comply with Rule 5A:20(e); the pleading does not contain any principles of law, argument, or citation to legal authorities or the record to fully develop any argument. Thus, we need not consider any argument appellant is presenting. Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

In <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Supreme Court announced that when a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant, "the Court of Appeals may . . . treat a question presented as waived." In this case, we find appellant's failure to comply with Rules 5A:20(c), (d), and (e) is significant.

Accordingly, the issues are waived and the judgment of the trial court is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>