COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


MAX E. MONROE

                                                   MEMORANDUM OPINION[*]
v.        Record No. 0338-11-2                           PER CURIAM
                                                        JUNE 14, 2011
RICHMOND (CITY OF) PUBLIC WORKS AND
  SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Max E. Monroe, *pro se*, on brief).

               (Laura K. Drewry, Senior Assistant City Attorney, on brief), for
               appellees.


        Max E. Monroe (claimant) appeals a February 2, 2011 decision of the Workers'

Compensation Commission denying his request for payment for certain medical benefits he

alleged were related to his May 18, 2001 compensable workplace injury to his right arm.  He

asserts the ruling of the commission should be reversed because (1) the commission had limited

authority and jurisdiction to rule on points of law concerning federal violations of law;

(2) liability should have been apportioned based upon which party took the most reasonable steps

to mitigate damages; and (3) employer's actions caused needless additional damage to claimant.

        Rule 5A:20 sets forth the requirements for an opening brief.  Rule 5A:20(a) mandates the

appeal contain "[a] table of authorities with cases alphabetically arranged"; Rule 5A:20(b)

mandates "[a] brief statement of the nature of the case and of the material proceedings in the trial

court which shall omit references to any paper filed or action taken that does not relate to the

assignments of error"; Rule 5A:20(c) requires "[a] statement of the assignments of error with a

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

clear and exact reference to the page(s) of the transcript, written statement, record or appendix where each assignment of error was preserved [before the commission]"; Rule 5A:20(d) requires "[a] clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record or appendix"; and Rule 5A:20(e) mandates that the appeal include "principles of law and the authorities" relating to each assignment of error. Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims . . . ." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc).

Here, appellant did not comply with Rule 5A:20(a)-(e). The opening brief does not contain the following: a table of authorities; a statement of the nature of the case and the material proceedings before the commission; clear and exact references to the pages of the transcript, written statement, record, or appendix where each assignment of error was preserved before the commission; a clear and concise statement of facts that relate to the assignments of error; and sufficient principles of law, argument, or citation to legal authorities or the record to fully develop appellant's arguments. We have reviewed the record and the commission's opinion and find these defects to be significant. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) ("[T]he Court of Appeals should . . . consider whether any failure to strictly adhere to the requirements of [the Rules of Court] is insignificant."). Thus, we will not consider appellant's arguments on appeal. Theisman v. Theisman, 22 Va. App. 557, 572, 471

S.E.2d 809, 816, <u>aff'd on reh'g en banc</u>, 23 Va. App. 697, 479 S.E.2d 534 (1996).  We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>