COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Beales and Senior Judge Clements


MARK L. BYRD

                                                              MEMORANDUM OPINION*
v.       Record No. 0572-12-2                                      PER CURIAM
                                                                SEPTEMBER 4, 2012
MELINDA C. BYRD


                      FROM THE CIRCUIT COURT OF HANOVER COUNTY
                                    J. Overton Harris, Judge

                (Robert S. Ganey; Hanover Law Office, on brief), for appellant.

                No brief for appellee.


        Mark L. Byrd (husband) appeals the trial court's order awarding Melinda C. Byrd (wife)

rehabilitative spousal support in the amount of $1,555 per month for nine years.[1]  Husband argues

the trial court erred in awarding wife rehabilitative spousal support because wife does not need

spousal support, wife does not need education or training to re-enter the job market, and wife is

entitled to only seven years and five months of support.  Upon review of the record and opening

brief, we conclude this appeal is without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] In his brief, husband included a document dated March 28, 2012 that stated husband
and wife reached an agreement that husband would pay wife $1,000 in monthly spousal support.
On November 3, 2011, the trial judge entered an order awarding wife $1,555 in monthly
rehabilitative spousal support.  Husband filed a motion to modify the spousal support award, and
on January 1, 2012, the trial judge denied husband's motion.  On February 24, 2012, the trial
judge entered the final order.  The March 28, 2012 document was executed after the final order,
is not in the record from the trial court, and will not be considered by this Court.

In the trial judge's October 4, 2011 letter opinion, the trial judge listed the factors in Code § 20-107.1 that he must consider when determining an award of spousal support and he then applied the factors to this case. After considering all the factors, the trial judge awarded wife rehabilitative spousal support in the amount of $1,555 per month.

In his brief, husband fails to address the factors considered by the trial judge and this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Moreover, although the appendix filed by husband did contain the trial judge's letter opinion, it failed to include any testimony or other incidents of the case germane to the assignment of error as required by Rule 5A:25. "Because the appendix filed in this case does not contain parts of the record that are essential to the resolution of the issue before us, we will not decide the issue." Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764 (2003).

Finally, husband's "Replacement Opening Brief of Appellant" falls short of the threshold showing of advocacy necessary to warrant serious appellate review. We cannot decide a case based solely on "conclusory assertions," Boyd v. County of Henrico, 42 Va. App. 495, 506 n.6, 592 S.E.2d 768, 773 n.6 (2004) (*en banc*), or "undeveloped arguments," Sfreddo v. Sfreddo, 59 Va. App. 471, 494, 720 S.E.2d 145, 157 (2012). The requirement to present relevant "principles of law and authorities," Rule 5A:20(e), presupposes a level of advocacy sufficient to eliminate any need for us to "speculate" or to engage in "guesswork," Sfreddo, 59 Va. App. at 494, 720 S.E.2d at 157. When the advocacy deficit crosses the line from insignificant to "significant," as

it clearly has here, we decline the opportunity to bolster the appellant's inadequate presentation and, instead, treat the underlying issues as waived. Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (citing Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).

For these reasons, the trial court's decision is summarily affirmed.

Affirmed.