COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner

CHARLES V. HAMILTON

v.     Record No. 0280-13-1

ARRIBA CORPORATION AND WCAMC CONTRACTORS
 GROUP SELF-INSURANCE ASSOCIATION

MEMORANDUM OPINION*
PER CURIAM
JULY 23, 2013

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Charles V. Hamilton, *pro se*, on brief).

(Kevin W. Cloe; Angela F. Gibbs; Midkiff, Muncie & Ross, P.C., on
brief), for appellees.

Charles V. Hamilton (claimant) appeals a decision of the Workers' Compensation

Commission suspending his compensation benefits beginning May 16, 2011 upon a finding that

claimant unjustifiably refused to cooperate with vocational rehabilitation services offered by

Arriba Corporation (employer) and further finding claimant had not demonstrated a cure under

the circumstances of the case.  On appeal, claimant lists four "questions to be persented [sic]"

alleging error with the commission's decision.

Claimant filed his opening brief with this Court on March 25, 2013.  Upon receiving

claimant's opening brief, this Court instructed claimant that his brief failed to comply with

Rules 5A:4(d), 5A:20(c), 5A:20(d), 5A:20(e), and 5A:20(h), and instructed him to submit a

replacement opening brief.  Upon receiving an extension of time to file a replacement opening

brief, claimant filed a replacement opening brief on May 17, 2013.  The replacement did not

correct all of the deficiencies in the original opening brief.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Rule 5A:20(c) requires "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Rule 5A:20(d) requires a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix."

In his replacement opening brief, claimant presents a limited narrative of the evidence viewed in the light most favorable to his contentions and cites no authority or precedent supporting the issues he raises on appeal. "Under our standard of review, [however,] when we consider an appeal from the commission's decision, we must view the evidence in the light most favorable to the party who prevailed before the commission." K&K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 229 (2005).

Furthermore, Rule 5A:20(e) requires that an appellant's opening brief to this Court contain "[t]he principles of law, the argument, and the authorities relating to each assignment of error." Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Simply put, claimant's brief does not comply with Rule 5A:20(e); it fails to include sufficient principles of law or any citation to legal authorities in support of the issues. Claimant's brief also fails to include any "assignments of error" and only includes a list of questions presented. Claimant's opening brief does not include any reference to the pages of the transcript, written statement, record, or appendix where any assignment of error was preserved. See Rule 5A:20(c).

Claimant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Nor is it this Court's "function to comb

through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims."

Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that appellant's failure to comply with Rule 5A:20 is significant, so we will not consider his arguments. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

Accordingly, we summarily affirm without comment on the merits of the errors assigned on appeal. Rule 5A:27.

Affirmed.