COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

GERALDINE WILDNER

v.      Record No. 1571-14-1

DBHDS/EASTERN STATE HOSPITAL/
 COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 24, 2015

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Geraldine Wildner, *pro se*, on brief).

(Mark R. Herring, Attorney General; Rhodes B. Ritenour, Deputy
Attorney General; Ronald N. Regnery, Senior Assistant Attorney
General; Scott John Fitzgerald, Senior Assistant Attorney General,
on brief), for appellee.

Geraldine Wildner (claimant) appeals a July 24, 2014 decision of the Workers'

Compensation Commission (commission), which affirmed a deputy commissioner's opinion

denying claims for medical treatment of complex regional pain syndrome and for permanent

total disability benefits. Claimant appears to contend the commission erred by affirming the

deputy commissioner's opinion.

Claimant filed her opening brief with this Court on October 21, 2014. Upon receiving

claimant's opening brief, this Court advised claimant that her brief failed to comply with

Rules 5A:4(b), 5A:20(c), 5A:20(d), 5A:20(e), 5A:20(h), and 5A:24(a), and instructed her to

submit an amended opening brief. Claimant was further notified that she had failed to file an

appendix that complied with Rules 5A:4 and 5A:25. This Court ordered claimant to file an

amended opening brief by December 1, 2014. This Court granted claimant an extension of time

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

until December 29, 2014 to file an amended opening brief and appendix. Claimant filed an amended opening brief and appendix, but neither corrected the deficiencies in the original opening brief and appendix.

Rule 5A:20(c) requires "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Rule 5A:20(d) requires a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Claimant's brief includes no clear assignments of error or coherent statement of facts.

Rule 5A:20(e) requires that an appellant's opening brief to this Court contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Claimant's brief does not comply with Rule 5A:20(e); it fails to include sufficient principles of law or any citation to legal authorities in support of any issues ostensibly raised.

Claimant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [claimant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d

650, 657 (1987); <u>see</u> <u>also</u> <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that claimant's failure to comply with Rule 5A:20 is significant, so we will not consider her arguments. <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008); <u>cf.</u> Rules 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

Accordingly, we summarily affirm the decision of the commission. Rule 5A:27.[1]

<u>Affirmed.</u>

---

[1] We deny appellee's motion to dismiss.