COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Humphreys and Senior Judge Overton

MARK RICHARD ROBINSON

v. Record No. 1837-05-4

CARMEN CECILIA ROBINSON

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 20, 2005

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

(Pamela L. Cave; Cave Family Law, on brief), for appellant.

(Mary M. Benzinger; Raymond B. Benzinger; Benzinger & Benzinger, P.C, on brief), for appellee.

Mark R. Robinson appeals a decision of the trial court regarding the sale of the parties' marital home. On appeal, husband contends the trial court erred by: (1) appointing counsel for Carmen C. Robinson, his wife, as commissioner for the sale of the marital home; (2) allowing wife to refinance the marital home; (3) failing to address husband's motion to be appointed as agent for the listing and selling of the marital home; and (4) failing to hear evidence of the increase in value of the marital home between January 12, 2005 and June 27, 2005. Upon reviewing the record and briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Background

On June 3, 2004, the trial court entered a *pendente lite* order, awarding husband exclusive use of the marital home and ordering husband to pay the mortgage payments on the home. In the final decree of divorce, entered on February 11, 2005, the trial court ordered the parties to sell the

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

house "as soon as possible." The final decree further provided that wife "shall list the property for sale at a price of no less than $360,000," which was the stipulated value of the house. Although the trial court ordered husband to ensure that the mortgage was paid on the house until its sale, husband failed to pay the mortgage for October 2004 through February 2005. Wife made these payments in order to prevent a default on the mortgage.

At a hearing held on March 18, 2005, the trial court found that wife had taken action to comply with the final decree by having an agent list the house at the agreed price in the multiple listing service. Wife also made an offer to husband to purchase the house for $360,000, which husband refused to accept. The trial court found husband's refusal was unreasonable and in violation of prior orders, and, on February 25, 2005, it directed husband to accept wife's offer and proceed with the sale. The written statement of facts notes that "The final decree did not prohibit either [wife] or [husband] from making an offer to buy the marital property."

The court found that husband continued to refuse to cooperate or execute the required documents to complete the sale of the house. The trial court specifically found that "any delay in the sale of the property was the direct result of the conduct of [husband]." By order entered on April 1, 2005, the court granted wife's motion to appoint a special commissioner of sale "to authorize the signature of [husband] in view of [husband]'s obstruction of the sale."

Husband filed a motion to reconsider, a motion for equitable relief, a motion for a report from the commissioner, and a motion for disqualification of the commissioner. The trial court denied husband's motion for equitable relief and disqualification of the commissioner. The trial court also denied husband's motion for a report from the commissioner because the commissioner reported to the court at the hearing. The trial court entered an order directing wife to proceed with closing on or before June 27, 2005.

The written statement of facts indicates that on June 3, 2005, "for the first time, and after the [c]ourt had directed the parties to proceed with the sale, [husband] objected to the $360,000 value of the sale and moved the [c]ourt to set a new valuation on the . . . home." By order entered on June 27, 2005, the trial court found that the fair market value of the house was $360,000 "as the parties stipulated in January [2005]." The trial court divided the gross equity in the house evenly between the parties, reducing husband's equity amount for spousal support arrearages and money he owed to wife for her payment of some of the mortgage payments in 2005 and her payment of supplementary mortgage interest and late fees.

## Analysis

"On appeal, the judgment of the trial court is presumed correct . . . . The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991).

> As a means of dividing or transferring . . . jointly owned marital property, the court may . . . permit either party to purchase the interest of the other and direct the allocation of the proceeds, provided the party purchasing the interest of the other agrees to assume any indebtedness secured by the property . . . .

Code § 20-107.3(C). The statute further provides as follows:

> The court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to: . . . Appoint a special commissioner to transfer any property under subsection C where a party refuses to comply with the order of the court to transfer such property.

Code § 20-107.3(K).

Husband contends the trial court abused its discretion by: (1) appointing wife's counsel as commissioner; (2) denying husband's request to disqualify the commissioner; and (3) denying husband's request that the commissioner provide an accounting in equity. He argues that the commissioner improperly acted in a "judicial capacity" concerning the sales process.

The record supports the trial court's finding that husband unreasonably refused to cooperate with the sale of the house. Before it appointed the commissioner, the trial court ordered the sale of the house to wife for the agreed price of $360,000. As a result of the husband's conduct, the trial court then ordered that wife's counsel was "authorized to provide the signature of [husband] wherever required to effectuate the sale" of the house. This order did not appoint the commissioner, who was authorized only to provide husband's signature, to act in a judicial capacity. The execution of the necessary documents to complete the sale pursuant to the court's orders were purely ministerial acts, rather than alterations in the substantive terms of the court orders. Accordingly, we hold that the trial court did not err by denying husband's motions concerning the commissioner.

Husband also contends the trial court abused its discretion by allowing wife to refinance the house and obtain net proceeds in excess of the equal division originally ordered in the final decree.

Husband's argument that wife obtained proceeds in excess of the court's order is without merit. The trial court ordered the parties to sell the house for "no less than $360,000," the stipulated value, and to divide the proceeds of the sale equally. Wife initially took steps to list the property for sale for the agreed price, and she then made an offer to purchase the house for the sales price. As stated in the written statement of facts, "[t]he final decree did not prohibit either [party] from making an offer to buy the [house]."

The fact that the sale took six months to complete was at least partially attributable to husband's unreasonable refusal to cooperate with the sale. Thus, the trial judge did not err by ordering that the proceeds of the sale were divided equally between the parties, with deductions taken from husband's amount for monies he owed wife.

Husband further contends the trial court abused its discretion when it failed to take evidence regarding the increase in value of the house from January 2005 to June 2005. He argues that this omission resulted in a windfall to wife contrary to the court's initial ruling.

The written statement of facts indicates, however, that the trial court "heard evidence on all the motions." Furthermore, the June 27, 2005 order provides: "upon presentation of evidence by both parties as to the review and motions filed herein . . ." husband's motion for a new valuation of the property "is denied." Accordingly, the record belies husband's argument that the trial court failed to consider evidence on the motion.

Husband presents no argument in his opening brief concerning his request to the trial court that the commissioner provide an accounting in equity. In addition, husband's brief contains no legal authority in support of his third question on appeal: his claim concerning his appointment as agent for the sale of the home. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). See also Rule 5A:20. Accordingly, we will not address those issues.

Attorney's Fees

Both parties request an award of attorney's fees and costs incurred in this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996) (footnote omitted). Because we hold husband's appeal lacks merit, we grant wife's request for attorney's fees and

costs incurred by her in defending this appeal and remand to the trial court for a determination of the attorney's fees.

Accordingly, the trial court's decision is affirmed and remanded.

Affirmed and remanded.