COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Powell and Senior Judge Clements

MOHAMMED AMIN SERDAH

                                                                    MEMORANDUM OPINION*
v.       Record No. 0918-09-3                                                   PER CURIAM
                                                                    SEPTEMBER 15, 2009
JUDY WILLIAMS SERDAH


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

(Mohammed Serdah, *pro se*, on brief).

No brief for appellee or guardian *ad litem* for the minor child.[1]


Mohammed Serdah (father) appeals a child custody order.  Father argues that the trial court erred by (1) admitting evidence regarding father's federal lawsuit; (2) finding that there was a change in circumstances warranting a change in custody; (3) violating father's Eighth Amendment and double jeopardy rights by modifying custody and visitation; (4) violating father's due process rights by receiving evidence about father's federal lawsuit; (5) hearing appellee's cause because it was barred by *res judicata*; (6) holding that it had jurisdiction to hear the matter; and (7) finding that a change in custody was in the best interests of the child.  Upon reviewing the record and opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Peter Edwards, guardian *ad litem* for the minor child, notified this Court by letter that he believes "it is in the best interests of the minor child . . . for the order at issue in this appeal to be affirmed."

BACKGROUND

Father and Judy Williams Serdah (mother) married on July 25, 1998, and they had one son. The parties separated and entered into a settlement agreement in 2006. The parties agreed to joint legal custody, with primary physical custody to mother, and that mother would have "tie-breaking power in the event of a disagreement between the parties." They divorced. On November 30, 2007, the Roanoke County Juvenile and Domestic Relations District Court (the JDR court) entered an order consistent with the terms of the settlement agreement.

In May 2008, mother filed a motion to amend custody from joint legal custody to sole legal custody. On October 9, 2008, the JDR court entered an order which continued the same custody arrangements as the November 30, 2007 order. Mother appealed to the trial court.

After hearing testimony and evidence from both parties, the trial court awarded sole custody to mother. Father timely appealed the trial court's ruling.

ANALYSIS

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Question Presented 1 – Admission of Evidence

Father contends that the trial court erred in admitting into evidence copies of the summons and complaint for the federal suit that he filed.

In May 2008, father filed a Civil Rights Complaint in the United States District Court for the Western District of Virginia, Roanoke Division. In the complaint, father alleges that mother and others, including but not limited to the Roanoke County Department of Social Services and the Roanoke County Police Department, violated his liberty interests to the "companionship, care, custody, and control of his son."

"Generally, the admissibility of evidence 'is within the broad discretion of the trial court, and an [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Surles v. Mayer, 48 Va. App. 146, 177, 628 S.E.2d 563, 578 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)) (brackets in original).

"Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1186, 409 S.E.2d 16, 21 (1991) (citing Harrell v. Woodson, 233 Va. 117, 122, 353 S.E.2d 770, 773 (1987)).

Father objected to the admission of the federal lawsuit papers because they were not relevant to "any change of circumstances that occurred since the last Court order." The trial court held that since father filed the lawsuit *pro se* and made certain allegations against mother and her attempts to interfere with his relationship with the child, it was relevant. The trial court ruled that the papers were "admissible for purposes of whatever representations [father] made in his pleading as it pertains to their relationship and their ability to deal with one another on at least child-related matters." Therefore, the papers went toward at least one of the factors in Code § 20-124.3, namely "the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child." Code § 20-124.3(7).

The trial court did not abuse its discretion in admitting into evidence the summons and complaint from the federal lawsuit.

### Questions Presented 2 and 7 – Rule 5A:20(e)

Father argues that the trial court erred in finding that there was a change in circumstances warranting a change in custody and that the change in custody was in the child's best interests.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Father did not

comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, citation to legal authorities, or the record to fully develop his arguments.

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider Questions Presented 2 and 7. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Questions Presented 3, 4, 5, and 6 – Rule 5A:18

Father also contends that the trial court violated his Eighth Amendment, double jeopardy, and due process rights. He contends that mother's motion to amend custody is barred by *res judicata* and that the trial court did not have jurisdiction to hear the matter.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v.

Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention."  Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).  There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

Therefore, since father did not preserve these issues, we will not consider Questions Presented 3, 4, 5, and 6.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.