COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


JOHN K. KABLACH

                                                    MEMORANDUM OPINION[*]
v.        Record No. 3074-08-1                           PER CURIAM
                                                     OCTOBER 20, 2009
MARY T. KABLACH



            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Stephen C. Mahan, Judge

            (Paul R. Hedges, on brief), for appellant.

            (Jeremiah A. Denton III; David A. Buzard; Jeremiah A. Denton III,
            P.C., on brief), for appellee.


        John K. Kablach (husband) appeals the amended final decree entered by the trial court on

November 26, 2008.  Husband contends the trial court erred by (1) sustaining Mary T. Kablach's

(wife's) exception regarding the Commissioner's determination of her mental capacity; (2) refusing

to rule on husband's exceptions to the Commissioner's rulings; (3) denying husband the opportunity

to present evidence on wife's mental capacity at the time of the signing of the separation agreement;

(4) awarding wife an interest in Print Link, Inc. and the condominiums owned by husband;

(5) awarding wife spousal support for an indeterminate duration; and (6) determining an

inappropriate valuation date for the marital property.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on September 17, 1983. In 1999, wife had brain surgery, which affected her mental ability. In 2002, husband moved from the marital residence. Using joint funds and money borrowed from the parties' equity line, husband acquired, in his separate name, assets in a business and condominiums. At husband's insistence, wife underwent cognitive functioning testing, which showed her limited capacity. On November 30, 2002, wife signed a separation agreement that was prepared by husband's attorney. The separation agreement provided wife with a limited amount of spousal support for a defined duration and a limited equitable distribution award. After consulting with an attorney, wife filed a bill of complaint for divorce and sought to set aside the separation agreement.

The trial court assigned the case to a commissioner in chancery who presided over four evidentiary hearings over an approximately eighteen-month period. The commissioner submitted her report to the trial court on June 23, 2006. Both parties filed exceptions to the report. The trial court sustained wife's exception to the commissioner's finding that she had the mental capacity to enter into the separation agreement. The trial court decided that it would not refer the matter back to the commissioner and held several hearings for the parties to present evidence and argument. The trial court entered an amended final decree on November 26, 2008, and husband timely appealed.

ANALYSIS

Questions Presented 1, 2, 3, and 6 - Rule 5A:8

The record on appeal does not contain a timely filed transcript or a written statement of facts for the hearings on September 7, 2004, August 3, 2005, September 5, 2006, and March 28, 2007. See Rule 5A:8(a) and (c). Husband's questions presented 1, 2, 3, and 6 relate to those hearings.

We have reviewed the record and the opening brief. We conclude that a transcript or written statement of facts is indispensable to a determination of questions presented 1, 2, 3, and 6. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). Therefore, we summarily affirm the judgment of the trial court as it relates to the issues in questions presented 1, 2, 3 and 6. Rule 5A:27.

Questions Presented 4 and 5 - Rule 5A:20(e)

Husband contends the trial court erred in its equitable distribution and spousal support awards. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Husband did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments regarding the equitable distribution and spousal support awards.

Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's

"function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider questions presented 4 and 5. <u>See</u> <u>Fadness v. Fadness</u>, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); <u>Parks v. Parks</u>, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>