COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Powell and Senior Judge Clements


KATHIE S. OBST

                                                              MEMORANDUM OPINION[*]
v.      Record No. 1649-09-4                                        PER CURIAM
                                                                   MARCH 16, 2010
HENRY T. OBST


                     FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                  Leslie M. Alden, Judge

              (Kathie S. Obst, *pro se*, on brief).

              No brief for appellee.


        Kathie S. Obst appeals the final decree of divorce entered June 26, 2009.  Appellant argues

that the trial court erred by (1) not awarding a divorce based on adultery; (2) not awarding the

marital residence to appellant; (3) imputing income to appellant for spousal support purposes; and

(4) awarding her spousal support that does not meet her monthly needs.  She also argues that she

received ineffective assistance of counsel.[1]  Appellant has waived her arguments by failing to

comply with Rule 5A:20 and Rule 5A:18.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

        Appellant and appellee were married on November 20, 1984, separated in August 2006,

and divorced on June 26, 2009.  Appellee filed a complaint for divorce on November 12, 2008,

to which appellant filed an answer and counterclaim.  Each party sought a divorce based on

living separate and apart for more than one year, as well as an award of equitable distribution.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] This Court does not have jurisdiction to consider this argument.  See Code § 17.1-405.

Appellant requested an award of spousal support. In March 2009, appellant sought leave of court to file an amended cross-complaint, which the trial court granted. On April 24, 2009, appellant filed her amended cross-complaint, which amended the grounds for divorce to adultery and desertion. On May 27, 2009, the trial court conducted a final hearing on the grounds of divorce, spousal support, equitable distribution, and attorney's fees.[2] The trial court issued its ruling from the bench on June 2, 2009. The court held a hearing on June 26, 2009 for entry of the final decree of divorce.

The trial court awarded the divorce to appellee based on living separate and apart for more than one year. The trial court made an equitable distribution award, which included, among other items, the sale of the marital residence and an equal division of its equity. Appellant had the option of refinancing and buying out appellee's interest. Appellant also was awarded spousal support in the amount of $5,000 per month for June 2009, July 2009, and August 2009, and the monthly amount decreased to $2,500 thereafter. Appellant timely noted her appeal.

Appellant failed to comply with Rule 5A:20 in her brief; therefore, she waived her arguments, and this Court will not consider the merits of the case.

Rule 5A:20(c) requires a "statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court." Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Appellant has the burden of showing that reversible error was committed. See

---

[2] There were no transcripts filed for the May 27, 2009 and June 26, 2009 hearings. A transcript of the judge's ruling from the June 2, 2009 hearing was incorporated into the final decree. The statement of facts does not include a summary of the testimony and argument presented by either party at any of the hearings. The statement of facts simply notes that the hearings took place.

<u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." <u>Id.</u> Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Appellant failed to comply with Rule 5A:20(c). She did not list any questions presented. She made statements throughout her opening brief regarding what she argued to be the trial court's errors, but she did not refer to the pages of the record showing that the issues were preserved.

Furthermore, appellant failed to comply with Rule 5A:20(e) because she failed to cite any legal authority or principles of law to fully develop her arguments. Appellant did cite the dictionary, two websites, and Code § 20-107(E); however, these references were general and inadequate. Appellant did not explain how they supported her arguments.

We find that appellant's failure to comply with Rule 5A:20(c) and Rule 5A:20(e) is significant, so we will not consider her issues.[3] <u>See</u> <u>Fadness v. Fadness</u>, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty

---

[3] Since appellant waived her arguments by failing to comply with Rule 5A:20, this Court does not reach the issue of appellant's compliance with Rule 5A:18.

to present that error to us with legal authority to support their contention."); <u>Parks v. Parks</u>, 52

Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>