COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Alston and Senior Judge Coleman

SCOTT P. CRAGG

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1853-09-4                          PER CURIAM
                                                        APRIL 6, 2010
LYNDA E. CRAGG


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

(Scott P. Cragg, *pro se*, on brief).

(Dorothy M. Isaacs; Nathan D. Rozsa; Surovell Markle Isaacs &
Levy PLC, on brief), for appellee.


Scott P. Cragg (husband) appeals the trial court's denial of his motion to correct the

distribution of his retirement.  Husband argues that the trial court erred by (1) holding that it did not

have jurisdiction to grant the relief requested in husband's motion; (2) holding that it did not have

jurisdiction to correct the distribution of retirement funds; and (3) not ordering Lynda E. Cragg

(wife) to return the portion of the retirement funds in question, namely $23,313.15.  Husband lists

two additional questions presented in his appendix, and argues that the trial court erred by (1) not

considering the original ruling of the retirement division and (2) not granting his motion to

reconsider and ordering wife to return the retirement funds in question.[1]  Upon reviewing the

record and briefs of the parties, we conclude that husband waived his arguments by failing to

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The first question presented in the appendix is substantially different from the questions
presented in appellant's opening brief.  Pursuant to Rules 5A:20 and 5A:25, we will not consider
this question.  The second question presented in the appendix is substantially similar to
husband's third question presented in his opening brief.

comply with Rules 5A:20 and 5A:25. Accordingly, we summarily affirm the decision of the trial

court. See Rule 5A:27.

BACKGROUND

The parties were married on July 26, 1990 and separated on or about September 15, 2006.

On November 28, 2007, the trial court entered the final decree of divorce, which stated in part:

> Thrift Savings Plan: [Wife] shall receive one-half of the marital
> portion of [husband's] Thrift Savings Plan which was stipulated to
> be one hundred fifty-two thousand five hundred thirty-eight dollars
> and fifty cents ($152,538.50), *plus gains and minus losses* on said
> sum from October 4, 2007 to the date on which such sum is
> transferred to a retirement account of [wife's] choosing. Such
> transfer shall be a non-taxable event incident to divorce.

(Emphasis added.) Husband's attorney prepared the final decree, which did not provide the rate

for determining the gains or losses.

On January 28, 2008, the trial court entered a retirement benefits court order (QDRO),

which stated in part:

> This Order shall apply to the Employee's Thrift Savings Plan
> account. There is hereby assigned to the Former Spouse, the sum
> of ONE HUNDRED FIFTY-TWO THOUSAND FIVE
> HUNDRED THIRTY-EIGHT DOLLARS [sic] and 50/100
> DOLLARS ($152,538.50), from the Employee's Thrift Savings
> Plan account as of October 4, 2007, *plus earnings and/or losses* on
> that principal sum from October 4, 2007, until the date of payment.
> Such sum shall be transferred directly by the Federal Retirement
> Thrift Investment Board ("the Board") or is designee to a [sic]
> individual retirement account to be designated in writing by the
> Plaintiff.

(Emphasis added.) The QDRO did not specify how the earnings or losses would be calculated.

On May 30, 2008, the Board sent a letter to husband, and copied wife, to inform him that

they would be paying wife pursuant to the QDRO. Specifically, the letter stated in part:

> The court order awards $152,538.50 from your TSP account to the
> payee, as of October 04, 2007. . . . The payee's entitlement will be
> credited with earnings at the TSP Government Securities
> Investment Fund (G Fund) rate beginning with the business day

following the entitlement date and ending two business days prior
to payment.

Neither party took any action in connection with this letter.

On or about July 30, 2008, the Board transferred $157,517.65 to wife's account. This sum represented the stipulated sum of $152,538.50, plus the gains thereon, calculated at the G Fund rate.[2]

On or about April 9, 2009, husband filed a motion for qualified court order to correct error in previous distribution. Husband alleged that the Board calculated the gains and losses according to the incorrect fund rate. Husband stated that all of his funds in his Thrift Savings Plan were C Fund shares. When the Board calculated the gains and losses on the G Fund rate, instead of the C Fund rate, it made an incorrect distribution and awarded wife $23,323.15 more than it should have.

After hearing counsel's argument, the trial court denied husband's motion. Husband filed a motion to reconsider, which was denied. Husband timely noted his appeal.

ANALYSIS

Wife argues that husband waived his arguments because of his failure to comply with Rules 5A:20 and 5A:25. We agree.

When husband filed his opening brief, he failed to file an appendix. On November 10, 2009, this Court issued a show cause requiring husband to explain why his questions should not be waived for failure to file an appendix. Husband responded, but failed to file an appendix. On December 7, 2009, this Court issued an order stating that an appendix was not filed and ordered husband to file an appendix within ten days. On December 21, 2009, husband filed a document

---

[2] If the parties do not specify the rate of return for the calculation of the earnings, the Board will use the G Fund rate. 5 C.F.R. § 1653.4(f)(3).

purporting to be an appendix.[3]  On December 29, 2009, this Court ruled that the appendix was not timely filed, but allowed the appeal to proceed with the understanding that the ruling would not be binding.

The appendix does not comply with Rule 5A:25 as it was not timely filed.

Furthermore, husband failed to comply with Rule 5A:20 in his brief.  Rule 5A:20(c) requires a "statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court."  Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

Husband has the burden of showing that reversible error was committed.[4]  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  Unsupported assertions of error "do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Id.  Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).  "Even pro se litigants must comply with the rules of court."  Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

---

[3] Husband's certificate of service indicates that he mailed a copy of the appendix to opposing counsel on December 17, 2009; however, wife's counsel stated that she had not received it as of January 6, 2010.

[4] In fact, the record shows that the trial judge ultimately ruled that it did have jurisdiction to grant the relief requested by husband.  Therefore, no jurisdictional ruling adverse to husband is before us.

Husband failed to comply with Rule 5A:20(c). Although husband listed three questions presented in his opening brief, he did not refer to the pages of the appendix or record showing that the issues were preserved.[5]

Lastly, husband failed to comply with Rule 5A:20(e) because he failed to cite to any legal authority or principles of law to fully develop his arguments. Husband did cite to Code § 20-107.3(K)(4) and an unpublished opinion, which holds no precedential value. Husband's citations were inadequate and did not support his arguments.

We find that husband's failure to comply with Rules 5A:25 and 5A:20 is significant, so we will not consider his issues. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Wife filed a motion for leave to amend and requested that she be allowed to amend her brief to request an award of attorney's fees. Husband filed a response in opposition thereto. Upon consideration thereof, wife's motion for leave to amend is granted.

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

---

[5] As stated above, husband listed two additional questions presented in his appendix. We do not consider these questions, since the first one did not comply with Rule 5A:20 and the second one was substantially similar to the third question presented in his opening brief.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

The matter is remanded to the trial court for determination and award of the appropriate appellate

attorney's fees and costs.

<u>Affirmed and remanded.</u>