COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Retired Judge Hodges[*]


CHERYL S. JOSEPH

                                                    MEMORANDUM OPINION [**]
v.        Record No. 2143-09-4                            PER CURIAM
                                                         MAY 4, 2010
BINOY GEORGE


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge

(Cheryl S. Joseph, *pro se*, on brief).

(Binoy George, *pro se*, on brief).


Cheryl S. Joseph (wife) appeals the final decree of divorce. Wife argues that the trial court

erred by (1) not awarding her fifty percent of the funds that Binoy George (husband) transferred to

his brother; (2) not dividing the funds that husband withdrew from the parties' investment account

after the separation; (3) not awarding her fifty percent of the funds in husband's bank accounts;

(4) awarding her too little in spousal support; (5) not ordering husband to provide health insurance

for their child and be responsible for seventy-one percent of any reasonable and necessary

unreimbursed medical and dental expenses for any calendar year for the child; (6) awarding joint

legal custody of the parties' child, as opposed to sole legal custody to her; (7) not awarding her

$23,500 for her attorney's fees; and (8) awarding her $500 for the security deposit she paid to the

settlement company when she rented back the marital residence after it sold. Husband presents

several cross-errors. He argues that the trial court erred by (1) not imputing income to wife for

---

[*] Retired Judge Hodges took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

spousal support purposes; (2) not awarding him one-half of the real estate that wife owns; (3) using the incorrect value for the 401(K) account; (4) awarding wife spousal support; (5) allowing wife to relocate with their child to Kansas; (6) not awarding husband overnight visitation with the parties' child and not allowing him to take the child to India to visit family; (7) not awarding him $24,000 in attorney's fees; and (8) not ordering that wife be responsible for one-half of the outstanding home loan at the time of separation. Wife has waived her arguments by failing to comply with Rule 5A:20, and husband has waived his arguments by failing to comply with Rule 5A:21. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Wife and husband were married on April 5, 1999, separated on or about December 29, 2007, and divorced on September 4, 2009. Wife filed a complaint for divorce on October 9, 2008, to which husband filed an answer and cross-complaint. Wife sought a divorce based on cruelty, and husband sought a divorce based on cruelty, adultery, and constructive desertion. Both parties requested an award of equitable distribution and an award of spousal support. The parties have one child, for whom custody, visitation, and child support needed to be decided. On March 12, 2009 and April 21, 2009, the trial court conducted a final hearing on the grounds of divorce, spousal support, equitable distribution, custody, visitation, child support, and attorney's fees.[1] The trial court issued a detailed letter opinion on July 6, 2009 and entered the final decree of divorce on September 4, 2009.

The trial court awarded the divorce to wife based on living separate and apart for more than one year because neither party proved fault grounds. The trial court granted joint legal custody of the parties' child and primary physical custody to wife. Husband was granted reasonable liberal visitation with the child after reasonable notice to wife. The trial court found

---

[1] There were no transcripts filed for the March 12, 2009 and April 21, 2009 hearings. Wife submitted a statement of facts to the trial court, but it was not signed. The trial court issued a detailed letter opinion explaining its ruling, and we rely on that letter opinion for this appeal.

that it would not be in the child's best interests to return to Northern Virginia after having relocated to Kansas with wife. After considering the factors in Code § 20-107.3, the trial court made an equitable distribution award and divided the parties' marital assets. The trial court declined to impute income to wife for spousal support purposes and found that she was not voluntarily unemployed. Wife was awarded spousal support in the amount of $2,300 per month, beginning July 2009 for a period of three years. Thereafter, she was granted a reservation for four years. Husband also was granted a reservation of spousal support for four years after the entry of the final decree. Child support was determined pursuant to the guidelines. Since neither party presented any evidence of health insurance for the child, the trial court did not order either party to be responsible for health insurance for the child. Neither party was awarded any attorney's fees. Wife timely noted her appeal.

Wife failed to comply with Rule 5A:20 in her brief; therefore, she waived her arguments, and this Court will not consider the merits of the case.

Rule 5A:20(c) requires a "statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court." Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

Wife has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of

[appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Wife failed to comply with Rule 5A:20(c). She did not list any questions presented. She recited portions of the parties' testimony and then stated her issues with the trial court's ruling in the section where she requested relief. Furthermore, wife failed to comply with Rule 5A:20(e) because she failed to cite to any legal authority or principles of law.

Likewise, husband failed to comply with Rule 5A:21 in his brief, so he waived his arguments.

Rule 5A:21(b) states that the appellee's brief shall contain a "statement of any additional questions the appellee wishes to present with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each additional question was preserved in the trial court." Rule 5A:21(d) states that appellee's brief shall include "[t]he principles of law, the argument, and the authorities relating to each question presented."

Husband did not list his additional questions presented. He responded to wife's summary of the parties' testimony and then recited the relief that he sought at the end of his brief. His brief did not include any citations to legal authority or principles of law to support his arguments.

We find that wife's failure to comply with Rule 5A:20(c) and Rule 5A:20(e) and husband's failure to comply with Rule 5A:21(b) and Rule 5A:21(d) are significant, so we will not consider either party's issues.[2] <u>See</u> <u>Fadness v. Fadness</u>, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present

---

[2] Since both parties waived their arguments by failing to comply with Rule 5A:20 and Rule 5A:21, this Court does not reach the issue of either party's compliance with Rule 5A:18.

that error to us with legal authority to support their contention."); <u>Parks v. Parks</u>, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>