UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Willis

JOANNE HARRISON

v.      Record No. 0761-12-4

VEOLIA-LORTON AND OLD REPUBLIC
 INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 6, 2012

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Joanne Harrison, *pro se*, on briefs).

(Jessica A. Gorman; Kalbaugh Pfund & Messersmith, on brief), for
appellees.


Joanne Harrison appeals a decision of the Workers' Compensation Commission finding

that appellant's "ongoing lumbar and cervical complaints are not related to the work accident and

. . . [that appellant] did not prove that she injured her shoulders in the work accident." We have

reviewed the record and the commission's opinion and find that this appeal is without merit.

On July 17, 2012, appellees filed a motion to dismiss, to which appellant responded.[1] In

their motion, appellees argue that appellant failed to comply with numerous procedural rules of

this Court. We agree and summarily affirm the trial court. Accordingly, we deny appellees'

motion to dismiss.

On June 18, 2012, this Court entered an order allowing appellant an extension to June 25,

2012 to file her designation of the contents of the appendix and her statement of the assignments

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellees also filed a "Motion to Stay/Hold in Abeyance" their deadline to file a brief
in response to appellant's opening brief. Appellees filed their brief on August 3, 2012, so their
motion is denied.

of error. See Rule 5A:25(d). Appellant did file a designation, but did not file a statement of the assignments of error.

On June 4, 2012, this Court entered an order allowing appellant an extension to July 16, 2012 to file her opening brief and appendix. Appellant filed a one-page document titled "Opening Brief," which simply listed several medical documents. The "Opening Brief" did not comply with Rule 5A:20, which sets forth the requirements for appellant's opening brief. She also filed three volumes of an appendix.

On August 20, 2012, appellant filed another opening brief. Although it was filed without leave of Court, we will accept it as a replacement opening brief; however, it also fails to comply with Rule 5A:20. Appellant failed to include a table of contents and table of authorities as required by Rule 5A:20(a). Appellant failed to include a brief nature of the case and a summary of the proceedings as required by Rule 5A:20(b). Appellant failed to include any assignments of error as required by Rule 5A:20(c). Appellant failed to include a statement of the facts as required by Rule 5A:20(d). Appellant failed to include the standard of review and argument with citations to legal authorities as required by Rule 5A:20(e). Appellant failed to include a conclusion with a statement regarding the precise relief sought as required by Rule 5A:20(f).

Appellees filed their brief on August 3, 2012, so appellant's reply brief was due on August 17, 2012. On August 20, 2012, appellant filed a motion for an extension to file her reply brief. On September 10, 2012, appellant filed her "Reply Brief." Appellant's motion to file a late reply brief is granted, and we will accept her reply brief as timely filed. Appellant attempted to resolve several of the opening brief's procedural deficiencies in her reply brief, including having a table of contents and table of authorities. The reply brief also included sections titled statement of the case, assignments of error, statement of facts, argument, and conclusion. The purpose of the reply brief is to "contain argument in reply to contentions made in the brief of

appellee." Rule 5A:22. It is not to correct procedural deficiencies with the opening brief. Appellant's reply brief is essentially another attempt at an opening brief, and does not respond to appellees' brief. Consequently, we will not consider the arguments therein.

Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that appellant's failure to comply with Rule 5A:20 is significant, so we will not consider her arguments. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

Accordingly, we summarily affirm for the reasons stated by the commission in its final opinion. Rule 5A:27. See Harrison v. Veolia-Lorton, VWC File No. JCN VA010-0242-3702 (Apr. 10, 2012).

Affirmed.