COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Frank, Huff and Senior Judge Haley


DAMON JAMES BERNARD TAYLOR

v.      Record Nos. 0077-12-4

ANGELA PAIGE TAYLOR

MEMORANDUM OPINION[*]
PER CURIAM

DAMON JAMES BERNARD TAYLOR                                      NOVEMBER 13, 2012

v.      Record Nos. 0084-12-4

ANGELA PAIGE TAYLOR


FROM THE CIRCUIT COURT OF PAGE COUNTY
Thomas J. Wilson, IV, Judge

(Damon James Bernard Taylor, *pro se*, on brief).

(J. Burns Earle, III; Miller, Earle & Shanks, PLLC, on brief), for
appellee.


Damon James Bernard Taylor (husband) appeals a final divorce decree.  Husband argues

that the trial court erred by (1) not considering husband's contributions to the improvements of the

marital property during equitable distribution; (2) disregarding testimony from witnesses;

(3) accepting Angela Paige Taylor's (wife) accusations that husband lived a "nomadic lifestyle";

(4) altering the visitation schedule based upon wife's accusations that husband lived a nomadic

lifestyle; (5) not enforcing the previous visitation order; and (6) stating that the former marital

residence was a gift from wife's parents.  Upon reviewing the record and briefs of the parties, we

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conclude that these appeals are without merit.[1]  Accordingly, we summarily affirm the decision

of the trial court.  See Rule 5A:27.

## BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

On September 20, 1997, husband and wife married.  They had two children born of the

marriage.  The parties separated in December 2005.

The juvenile and domestic relations district court (the JDR court) heard the custody,

visitation, and support matters.  The JDR court entered orders granting sole legal and physical

custody to wife and visitation to husband.  Wife appealed the visitation ruling.[2]

While the issues regarding the children were pending in the JDR court, wife filed a

complaint for divorce.  The trial court subsequently consolidated the visitation appeal with the

divorce matters.

The parties presented evidence and argument on December 13, 2011, and the trial court

took the case under advisement.  On December 28, 2011, the trial court issued a letter opinion.

After analyzing the factors in Code § 20-107.3(E), the trial court allocated all of the marital

---

[1] On September 7, 2012, wife filed a motion to dismiss, arguing that husband repeatedly failed to comply with the Rules of the Court.  Husband filed a response in opposition.  Upon consideration thereof, we deny the motion to dismiss.  On October 5, 2012, husband filed a motion for an extension of time to file a reply brief, which was due on October 8, 2012.  Wife filed a motion in objection thereto.  On October 22, 2012, husband filed a reply brief.  Upon consideration thereof, we deny husband's motion and will not consider his reply brief because it was not timely filed.

[2] Wife also appealed to the circuit court the JDR court's child support ruling, but later withdrew her appeal of the child support matter.

property[3] and debt to the wife.  The trial court also analyzed the factors in Code § 20-124.3 to determine visitation.  The trial court entered a final decree of divorce on January 3, 2012.  This appeal followed.

ANALYSIS

Issue 1 – Equitable Distribution

Husband argues that the trial court erred by not considering his contributions to the improvements of the marital real estate for equitable distribution purposes.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Code § 20-107.3(E) lists several factors for a court to consider for equitable distribution.  One of the factors is "[t]he contributions, monetary and nonmonetary, of each party in the acquisition and care and maintenance of such marital property of the parties."  Code § 20-107.3(E)(2).

Husband contends the trial court did not consider the monetary contributions that he made toward the former marital residence and the improvements that he made to the home.  The trial court heard testimony about improvements to the windows and an addition to the kitchen, which husband worked on and completed.  Husband also summarized additional work that he performed at the home, including building a stone fireplace, new decks, and stone retaining walls.

---

[3] The trial court found that the only marital property was the former marital residence.  According to the trial court, the "[e]vidence was scant on the existence of the tangible personal property."  The trial court ruled that each party could keep the tangible personal property in his or her possession.

Contrary to husband's argument, the trial court acknowledged husband's contributions to the real estate. In its letter opinion, the trial court stated, "The parties invested in improving the property, and the husband used his carpentry and masonry skills in improving the property, doing stonework, building an addition, improving the kitchen, and building a retaining wall."

The trial court examined all of the factors in Code § 20-107.3(E) to determine the equitable distribution award. The trial court noted wife's contributions to the property and that she saved the property from going into foreclosure when husband stopped making payments on the second deed of trust. The trial court concluded that wife would receive all of the marital real estate, as well as be responsible for the two deeds of trust on the property.

Based upon the record, the trial court did not err in its equitable distribution award.

### Issues 2, 3, 4, 5, and 6 – Rule 5A:20(e)

Husband argues that the trial court erred in disregarding certain testimony regarding the value of the marital property and in accepting as fact certain allegations by wife's attorney that husband lived a "nomadic" lifestyle. Husband also contends the trial court erred in modifying the visitation schedule previously decided by the JDR court. Lastly, he asserts the trial court erred in stating that the marital real estate was a gift from wife's parents.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Husband did not comply with Rule 5A:20(e) because his opening brief does not contain the standard of review or any principles of law, citation to legal authorities, or the record to fully develop his arguments.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of

error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider the second, third, fourth, fifth, and sixth assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Attorney's fees and costs

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in these appeals.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

Affirmed and remanded.