COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Senior Judge Bumgardner

GALINA L. TARASOVA

MEMORANDUM OPINION[*]
v.     Record No. 1756-12-4                                          PER CURIAM
                                                                     MARCH 5, 2013
DAVID H. STEARE

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

(Galina L. Tarasova, *pro se*, on brief).

(David H. Steare, *pro se*, on brief).

Galina L. Tarasova appeals the denial of her motion to enforce the final decree of divorce.

Tarasova argues the trial court erred by (1) not finding that David H. Steare violated the parties'

custody, support and settlement agreement, which was incorporated into the final decree of divorce,

by not paying his share of the expenses for their child's extracurricular activities; (2) "dismissing"

the motion to enforce the final decree of divorce[1]; (3) establishing that Steare's obligation to pay his

portion of the child's private French lessons could be revoked by refusing to pay for the lessons;

(4) allowing Steare to withdraw his obligation to pay for the child's horseback riding lessons, even

though the parties agreed in writing to this activity; (5) not recognizing that Tarasova has been

paying all of the child's extracurricular activities even though both parties agreed to them prior to

the child's registration in the activities; (6) denying Tarasova's motion for reconsideration; and

(7) violating Code § 59.1-507.1(a).  Upon reviewing the record and briefs of the parties, we

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court did not dismiss Tarasova's motion.  It denied the motion.

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on February 19, 2000. A child was born in October 2001. The parties separated on June 27, 2006, and on that date, they entered into a custody, support and property settlement agreement (the agreement). Paragraph 29 of the agreement stated, "The parties agree to each pay in proportion to their income, the expenses of [the child's] summer camps, church and school sponsored trips, extracurricular activities, etc., with the choice of camps, trips and extracurricular activities subject to mutual agreement of the parties prior to [the child's] enrollment and/or registration." The agreement was incorporated into the final decree of divorce, which the trial court entered on August 17, 2007.

On June 26, 2012, Tarasova filed a "Motion to Enforce Final Decree." Tarasova alleged that she and Steare agreed for the child to participate in horseback riding lessons, dance classes, French lessons, and art classes. Tarasova argued that pursuant to the agreement, Steare was supposed to pay for a portion of the extracurricular activities, but he had not paid anything. Tarasova sought reimbursement.

On August 30, 2012, the trial court denied Tarasova's motion. The trial court found that on June 1, 2010, Steare notified Tarasova that he no longer agreed to pay for certain extracurricular activities. The trial court further held that subsequent to June 1, 2010 and prior to the hearing on August 30, 2012, Tarasova continued to enroll the child in those extracurricular

activities without seeking and obtaining the mutual agreement of Steare prior to enrolling the child in those activities.

On September 6, 2012, Tarasova filed a motion to reconsider, which the trial court denied on September 10, 2012.

ANALYSIS

*Rule 5A:20(e)*

Tarasova argues that the trial court erred in denying her motion to enforce the final decree. She contends that pursuant to the agreement, Steare should be responsible for a portion of the child's French lessons and horseback riding lessons.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Tarasova did not comply with Rule 5A:20(e) because her opening brief does not contain any principles of law or citation to legal authorities to fully develop her arguments. Instead, Tarasova cites Code § 59.1-507.1(a) to argue that Steare "breached the contract." However, Code § 59.1-507.1(a) relates to a breach of contract under the Uniform Computer Information Transactions Act, which is not relevant to Tarasova's argument that Steare violated the terms of the agreement. She cites no other code sections or case law to support her argument.

Tarasova has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of

- 3 -

[appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that Tarasova's failure to comply with Rule 5A:20(e) is significant, so we will not consider her seven assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Attorney's fees and costs*

Steare asks this Court to award him his costs incurred in this appeal. On consideration of the record before us, we decline to award Steare his costs incurred on appeal.[2] See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[2] Steare also asks that this Court award him his attorney's fees in connection with the underlying motion; however, his attorney's fees were incurred at the trial court level. He appeared *pro se* on appeal. The trial court, not this Court, was the appropriate forum to request attorney's fees incurred at the trial level. We will not consider his request for attorney's fees incurred in the trial court.