UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff,[*] Judge Frank[**] and Senior Judge Haley

RHONDA KIRSCHMANN

MEMORANDUM OPINION[***]
v.      Record No. 0754-14-1                                           PER CURIAM
                                                                       JANUARY 13, 2015
DOLLY KIRSCHMANN

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie A. Taylor Arrington, Judge

(Rhonda Kirschmann, *pro se*, on briefs). Appellant submitting on briefs.

(Douglas J. Walter; Lisa A. Mallory; Peter Imbrogno, Guardian *ad litem* for the minor child; Moschel, Clancy & Walter, P.L.L.C., on brief), for appellee. Appellee and Guardian *ad litem* submitting on brief.

Rhonda Kirschmann (mother) appeals an order awarding custody of her child to Dolly

Kirschmann (the stepmother). In her appeal, mother argues the following:

> 1. It is the mother's position that the trial court's failure to enforce the prior court orders for shared custody between the parents (Dwight and Rhonda Kirschmann) was an abuse of discretion, an abuse of power, and a violation of 28 US. Code § 1738A and Virginia Code § 20-108.

> 2. It is the mother's position that the trial court showed an abuse of discretion, an abuse of power, and a conflict of interest in exercising concurrent jurisdiction with the Virginia Court of Appeals over custody of the child.

---

[*] On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

[**] Judge Frank participated in the decision of this case prior to the effective date of his retirement on December 31, 2014.

[***] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

3. It is the mother's position that it was an abuse of power, an abuse of discretion, and a conflict of interest for the trial court to allow the testimony of Brian K. Wald and outside the Code of Professional Conduct for his profession.

4. It is the mother's position that the trial court not following procedures established by the Rules was an abuse of discretion and an abuse of power.

We find no error, and affirm the decision of the circuit court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Mother and Dwight Kirschmann (father) are the biological parents to L.K., who was born in August 2004. Mother and father divorced in 2009. On April 9, 2011, father remarried.

On October 17, 2012, the circuit court awarded joint legal custody to mother and father and primary physical custody to father. Mother appealed the custody order to this Court. See Kirschmann v. Kirschmann, Record No. 2054-12-1. Father died on January 20, 2013. On May 6, 2013, this Court dismissed the appeal because it was moot after father's death.

On January 24, 2013, father's widow (stepmother) filed a petition for custody of the child in the Chesapeake Juvenile and Domestic Relations District Court (the JDR court). The JDR court granted her custody. Mother appealed the JDR court's ruling to the circuit court. The circuit court heard evidence and argument on January 10, 2014 and February 6, 2014.

On March 12, 2014, the circuit court issued a letter opinion. The circuit court held that stepmother rebutted the parental presumption and that mother "is unfit as a parent, that she abandoned [the child], and [sic] the existence of special circumstances that rebut the parental presumption." After reviewing the Code § 20-124.3 factors, the circuit court awarded sole legal

and physical custody to stepmother. On April 14, 2014, the circuit court entered the final custody order. This appeal followed.

ANALYSIS

*Rules 5A:18 and 5A:20*

Mother argues that the circuit court erred in awarding custody of the child to stepmother. She contends that after father died, the circuit court should have enforced the prior court orders that awarded joint custody to her and father. She also asserts that the JDR court should not have awarded custody to stepmother while the October 17, 2012 custody order was on appeal in this Court. She further challenges the testimony of Dr. Brian K. Wald during the custody hearing in the circuit court. Lastly, she alleges the JDR and circuit courts did not follow proper procedures during the custody hearings at which the stepmother requested custody.

Mother endorsed the April 14, 2014 custody order as "seen and strongly object; will appeal to higher court." She did not file any post-trial motions. Mother alleges that she preserved her assignments of error in her statement of facts; however, the circuit court redacted the majority of mother's proposed statement of facts. See Rule 5A:8(d) (the circuit court judge may correct the statement of facts). The record does not contain any transcripts.

Upon review of the redacted statement of facts, this Court concludes that mother's assignments of error were not preserved pursuant to Rule 5A:18.[1]

Furthermore, mother's amended opening brief did not comply with Rule 5A:20(e), which states that an opening brief shall contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Although mother listed

---

[1] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

some cases and statutes in the argument section of her amended opening brief, she failed to explain how they apply to her assignments of error.

Mother has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even pro se litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

This Court finds that mother's failure to comply with the Rules is significant, so it will not consider her assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Attorney's fees and costs*

Stepmother requests an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, this Court denies stepmother's request.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.